**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW HAMPSHIRE**

United States of America

    v.                              Criminal No. 12-cr-026-01-JL

Ramon Guerrero

## ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on April 17, 2012, for the purpose of determining whether to detain the defendant.  For the following reasons, and for the reasons more fully stated on the record, the defendant shall be detained pending trial.

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141 et seq., "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings to the [circumstances listed in 18 U.S.C. § 3142(f)(1) and (f)(2)]."  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government invoked § 3142(f)(1)(C), which permits the government to request detention when the charges involve a drug offense with a maximum sentence of ten (10) or more years.

In this case, the defendant is charged by indictment with four (4) counts of Distribution of a Controlled Substance in violation of 21 U.S.C. § 841(a)(1).  Thus, as these charges satisfy the parameters of § 3142(f)(1)(C), the detention hearing was appropriately requested.

Pursuant to Section 3142(f), the court must determine whether any condition or combination of conditions set forth in subsection (c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community  ("dangerousness").  18 U.S.C. § 3142(f); <u>United States v. Patriarca</u>, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will

reasonably assure (1) the defendant's presence at trial ("risk of flight"), <u>United States v. Perez-Franco</u>, 839 F.2d 867, 870 (1st Cir. 1988), or (2) the safety of another or the community ("dangerousness"). <u>Patriarca</u>, 948 F.2d at 793. For its part, the government is required to offer a preponderance of the evidence to prove risk of flight and clear and convincing evidence to establish dangerousness. <u>See</u> <u>Patriarca</u>, 948 F.2d at 792-93.

In specific instances delineated in 18 U.S.C. § 3142(e), a presumption arises that no condition or combination of conditions will reasonably assure the appearance of a defendant and the safety of the community. Among the instances where a presumption arises is the situation where,

> the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq) . . . .

18 U.S.C. § 3142(e)(3)(A). Once invoked, the defendant need only produce "some evidence" to rebut this presumption. <u>United States v. Dillon</u>, 938 F.2d 1412, 1416 (1st Cir. 1991); <u>United States v. Jessup</u>, 757 F.2d 378, 384 (1st Cir. 1985). "When a defendant produces such evidence, however, the presumption does not

3

disappear.  The burden of persuasion remains on the government
and the rebutted presumption retains evidentiary weight." <u>Dillon</u>,
938 at 1416.

In the instant case, the indictment itself establishes
probable cause to believe that the offenses charged have been
committed and that the defendant has committed them.  Further,
the offenses charged against the defendant are ones for which a
maximum term of imprisonment is ten (10) years or more, as
prescribed in the Controlled Substances Act, 21 U.S.C. §§ 801 <u>et</u>
<u>seq.</u>  <u>See</u> <u>United States v. Dillon</u>, 938 F.2d 1412, 1417 (1st Cir.
1991).  Thus, the rebuttable presumption that "no condition or
combination of conditions will reasonably assure [defendant's]
appearance . . . and the safety of the community . . . ," as set
forth in Section 3142(e), is triggered in this case.  <u>See</u> 18
U.S.C. § 3142(e), (f); 21 U.S.C. § 841(b)(1)(C); <u>see</u> <u>also</u> <u>United</u>
<u>States v. Vargas</u>, 804 F.2d 157, 162-63 (1st Cir. 1986).
For the reasons stated below, and after considering the
factors set forth in 18 U.S.C. § 3142(g), the court finds that
when aided by the presumption, the government has satisfied its
burden to establish that no conditions or combination of
conditions will reasonably assure the safety of the community.

4

Specifically, the "nature and circumstances of the offense charged" is a "controlled drug" offense. Given the government's representation that the offenses in question are captured on both audio and video, the weight of the evidence appears to be substantial. The defendant, who is twenty-nine (29) years old, has amassed a substantial criminal record spanning back to his early teens and has spent considerable time incarcerated (including three (3) separate sentences to the New Hampshire State Prison). In addition to numerous driving offenses, which at a minimum reveal the defendant's disinclination to conform to legal requirements, the defendant's convictions include burglary, robberies, felon in possession of a dangerous weapon, disobeying a police officer (multiple convictions), and possession of a narcotic drug with intent to sell. A pattern emerges from an examination of the defendant's criminal record--it appears that shortly after the defendant's release from incarceration, he immediately engages in new criminal enterprises. In fact, based on his criminal record, the defendant faces the possibility of being deemed a career offender in this case (with an advisory sentencing guideline range of 151-188 months). Finally, after

his arrest the defendant tested positive for cocaine and marijuana and admitted he had used both substances for most of his adult life.

Nonetheless, because of various factors that favor the defendant (employment, long-term resident of New Hampshire, no evidence of prior bail violations)--and particularly because of the extended time frame from the dates of the alleged offenses (August 2010) to the date the defendant was indicted (February 22, 2012) and subsequently arrested (April 11, 2012), during which time no evidence was presented to suggest the defendant had been engaged in any further criminal activity[1]--the court requested additional information on the issue of dangerousness.

After a recess, the government produced Manchester Police Detective Steven Coco, who also serves as a member of the FBI Safe Street Task Force. Detective Coco explained the following: (1) the delay in bringing the instant charges was due to the fact

---

[1]During the period from August 2010 to April 2012, the defendant did have various driving offenses. Apparently in late 2011 he was also charged by complaint in state court with burglary and theft by unauthorized taking. Upon further inquiry, counsel informed the court that the grand jury in Hillsborough (South) Superior Court returned a no-true bill on those charges and, as a result, the boundover was dismissed or nol prossed.

that the premature disclosure of the confidential informant, who

purchased the controlled substances at issue in this case, could

have jeopardized a homicide investigation in which the

confidential informant was involved, (2) the confidential

informant personally saw that the defendant possessed a shotgun

and pistol in 2010, and this fact had been subsequently

corroborated by other informants over time (resulting in the

decision to use a SWAT team to arrest the defendant in April of

this year); and (3) that a different confidential informant, one

described by Detective Coco as having consistently provided

highly reliable information, informed Detective Coco that as late

as one (1) week before the defendant's arrest on this charge the

defendant offered to sell the confidential informant prescription

drugs and heroin.  Thus, Detective Coco provided a sufficient

explanation for the delay in bringing charges, established that

at least in the past the defendant has possessed firearms, and

that he continued to attempt to sell illegal drugs as recently as

a week before his arrest.  Based on this information, when

combined with the other already compelling factors discussed

above and the fact that this is a presumption case, there is no

question that the government has met its burden to establish by clear and convincing evidence that there are no conditions or combination of conditions the court can establish to reasonably assure the safety of the community.

Accordingly, it is **ORDERED** that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**SO ORDERED.**

/s/ Daniel J. Lynch
Daniel J. Lynch
United States Magistrate Judge

Date:  April 18, 2012

cc:    Debra Walsh, AUSA
       David W. Ruoff, Esq.
       U.S. Marshal
       U.S. Probation